**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**KNIGHT SPECIALTY INSURANCE COMPANY,** *
*
**Plaintiff,** *
*
**v.** * **Civil Case No. SAG-25-2073**
*
**EVERMORE CANNABIS COMPANY, LLC,** *
*
*
**Defendant.** *
*

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

In July, 2025, in this insurance coverage action, Defendant Temescal Wellness of Maryland, LLC d/b/a Evermore Cannabis Company, LLC ("Evermore") filed a counter-complaint/third-party complaint against other parties. ECF 6. This Court subsequently entered, and amended, a scheduling order providing, in relevant part, a deadline of July 1, 2026, for amendment of pleadings. ECF 55, 57, 58. On that deadline, Evermore filed a motion for extension of time to file an amended pleading, seeking an extension until August 1, 2026. ECF 69. This Court granted that motion over opposition, in light of the lack of prejudice. ECF 78.

On August 3, 2026 (because August 1, 2026, fell on a Saturday), Evermore filed a motion for leave to file an Amended Counter-Complaint/Third Party Complaint. ECF 82. Two of the third-party defendants ("Opposing Third-Party Defendants") have opposed the motion, ECF 83, and Evermore filed a reply, ECF 86. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Evermore's Motion for Leave to Amend, ECF 82, will be granted and the Clerk will be directed to file ECF 82-1 as the amended pleading, without prejudice to the third-party defendants' ability to renew their substantive arguments in a motion to dismiss. Third-party defendant Global Risk Consultants

Corp.'s Motion to Dismiss the original pleading, ECF 79, will be denied as moot in light of the amendment.[1] Finally, Evermore's Motion to Strike references to Jared Surdin from Paragraphs 114 and 181 of its Amended Counter-Complaint/Third Party Complaint, ECF 88, will be granted as it was filed by agreement.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

The Opposing Third-Party Defendants argue that the proposed amendment would be futile because the proposed amended pleading still fails to state a claim. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Wright & Miller's Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is

[1] The proposed amended pleading does not name Global Risk Consultants Corp. as a third-party defendant. *See* ECF 82-1.

legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. 12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. 11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. 15-3198 & 15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit

of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

## II. DISCUSSION

This Court has reviewed the claims asserted by Evermore in the proposed amended counter-complaint/third-party complaint, ECF 82-1, and finds that they cannot fairly be described as "clearly insufficient or frivolous on its face." *See Johnson*, 785 F.2d at 510. The proposed amended pleading makes significant changes to the facts alleged in support of Evermore's claims and eliminates the claims against two of the originally named third-party defendants. While its success under the Rule 12(b)(6) standard remains to be seen, futility does not provide a basis for its dismissal. The references to Jared Surdin in paragraphs 114 and 181 of the proposed amended pleading played no role in this Court's assessment that Evermore's claims are adequate at this stage.

Accordingly, this Court will grant the Motion for Leave to Amend, ECF 82, and permit docketing of the amended pleading, ECF 82-1. The Opposing Third-Party Defendants, of course, are free to refile all of their "futility" arguments for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Evermore's amendment (which was filed within the timeline of the extended scheduling order allowed by this Court) will not prejudice the Opposing Third-Party Defendants and will produce the cleanest record for the parties to proceed with this case.

## III. CONCLUSION

For the reasons set forth above, Evermore's Motion for Leave to Amend, ECF 82, is GRANTED. Third-party defendant Global Risk Consultants Corp.'s Motion to Dismiss the original pleading, ECF 79, is DENIED as moot. The Clerk will be directed to file ECF 82-1 as the

amended counter-complaint/third-party complaint. Evermore's Motion to Strike portions of paragraphs 114 and 181 from its amended counter-complaint/third-party complaint, ECF 88, is GRANTED and the references to Jared Surdin are stricken. A separate Order follows.

Dated: September 14, 2026

/s/
Stephanie A. Gallagher
United States District Judge