**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

October 27, 2026

**MEMORANDUM TO PARTIES RE:** *Knight Specialty Insurance Co. v. Evermore Cannabis Company, LLC,* et al., Civil Action No. SAG-25-2073

Dear Counsel:

This matter was referred to me by the Honorable Stephanie A. Gallagher for the resolution of all discovery disputes and related scheduling matters. ECF No. 114. There are nine motions now pending that relate to discovery or scheduling issues:

(1) Motion to Amend the Scheduling Order, filed by Defendant/Counter-Plaintiff/Third-Party Plaintiff Evermore Cannabis Company ("Evermore"), ECF No. 98[1];

(2) Motion to Quash Subpoena for the Corporate Representative for Knight Specialty Insurance Company, and, in the Alternative, Motion for Protective Order, filed by Knight Specialty Insurance Company ("Knight"), ECF No. 104;

(3) Motion for Extension of Time to File Answer to Third-Party Complaint and Extend the Scheduling Order, filed by Trisura Specialty Insurance Company ("Trisura"), ECF No. 105;

(4) Motion for Protective Order for Notice to Take Deposition of Corporate Representative of Knight Specialty Insurance Co. Served on October 13, 2026, filed by Knight, ECF No. 107;

(5) Non-Party Brenda Wahl's Motion to Quash Evermore's Subpoena and Request for Expedited Ruling, filed by Knight, ECF No. 109[2];

---

[1] During the October 23 status conference, I granted Evermore permission to file its Reply in support of its Motion to Amend Scheduling Order on October 26. Evermore timely filed the brief but it spans approximately 34 pages and exceeds the 15-page limit for reply memoranda set forth in Local Rule 105.3. *See* ECF No. 121.

[2] Knight's Motion reflects that it only represents Brenda Wahl for the limited purpose of opposing Evermore's subpoena.

(6) Motion to Shorten Time to Respond to Non-Party Brenda Wahl's Motion to Quash Evermore's Subpoena and Request for Expedited Ruling, filed by Knight, ECF No. 110;

(7) Non-Party Jason Smith's Motion to Quash Evermore's Subpoena and Request for Expedited Ruling, filed by Knight, ECF No. 111[3];

(8) Motion to Shorten Time to Respond to Non-Party Jason Smith's Motion to Quash Evermore's Subpoena and Request for Expedited Ruling, filed by Knight, ECF No. 112;

(9) Motion to Shorten Time to Respond to Motion for Protective Order for Notice to Take Deposition of Corporate Representative of Knight Specialty Insurance Co. Served on October 13, 2026, filed by Knight, ECF No. 113;

Given the number of motions filed by the parties, and the time-sensitive nature of the requests, the undersigned held an unrecorded status conference on Friday, October 23 to address the order in which the motions should be resolved. ECF No. 117. Counsel for Knight, Evermore, Trisura, and Third-Party Defendants Steven Sherman and The Hilb Group of Maryland, LLC ("The Hilb Group") attended the conference.

During the conference, Knight advised that several of its motions were mooted by the parties' agreement to postpone several depositions.[4] These motions are docketed at ECF Nos. 104, 109, 110, 111, and 112, and are hereby DENIED AS MOOT.

Knight's Motion for Protective Order for Notice to Take Deposition of Corporate Representative of Knight Specialty Insurance Co. Served on October 13, 2026, and Motion to Shorten Time to Respond to Motion for Protective Order for Notice to Take Deposition of Corporate Representative of Knight Specialty Insurance Co. Served on October 13, 2026, are also moot. ECF Nos. 107, 113. Evermore served an amended deposition notice on Knight on October 13. The amended notice seeks the production of records by October 28 and the deposition of Knight's corporate representative on October 30, the current deadline for fact discovery. There is not enough time under the current schedule for the parties to adequately meet and confer prior to any corporate deposition of Knight, making the deposition of Knight a practical impossibility at this stage. Accordingly, both motions, ECF Nos. 107 and 113, are DENIED AS MOOT without prejudice to Knight's ability to renew its motions at a later date, if necessary.

Two motions remain for the Court's consideration: Evermore's request to extend the deadlines in the Scheduling Order, ECF No. 98, and Trisura's dual request for more time to respond to Evermore's Third Party Complaint and an extension of the Scheduling Order deadlines, ECF No. 105.[5] Knight and Third-Party Defendants Steven Sherman and The Hilb Group oppose

---

[3] Knight's Motion reflects that it only represents Jason Smith for the limited purpose of opposing Evermore's subpoena.

[4] The depositions were postponed at the request of counsel for Trisura. *See* ECF No. 116.

[5] Evermore consents to Trisura's request for more time to respond to the Third-Party Complaint, and Trisura joins Evermore's request to amend the Scheduling Order. *See* ECF No. 105.

the request for an extension of the scheduling order deadlines. *See* ECF Nos. 101–102. For the reasons set forth herein, the motions are GRANTED IN PART.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good cause inquiry is the diligence of the moving party. *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002). "'Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" *Id.* (quoting *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001)). District courts have "wide discretion" in the management of discovery, and "the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause." *Whaley v. Prime Care Med.*, Civil Action No. JMC-24-0519, 2024 WL 4201442, at *1 (D. Md. Sept. 16, 2024).

Good cause exists to modify the Scheduling Order. Evermore filed its request to modify the Scheduling Order only 11 days after this Court's September 14 Order granting Evermore's Motion for Leave to File Amended Counter-Complaint/Third-Party Complaint ("Motion for Leave"), a pleading that this Court acknowledged "makes significant changes to the facts alleged in support of Evermore's claims." ECF No. 89 at 4. The deadline for Evermore's amended pleading fell on the same date as the deadline for its expert disclosures.[6] Compliance would have required Evermore to either identify experts based on the scope of its case at the time, or retain and disclose experts on the basis of contested proposed claims in the amended pleading, which the Court had yet to accept. ECF No. 98-1 at 10. Evermore's choice under the circumstances—to comply with the deadline for the amendment of pleadings and seek modification of the expert and other deadlines in the schedule after the Court's Order granting its Motion for Leave—does not demonstrate a lack of diligence or carelessness that would warrant outright denial of its request for modification. It would have been more prudent for Evermore to have requested an extension of the expert disclosure deadlines no later than the date it filed its amended pleading, rather than seek a retroactive extension of those deadlines. However, given the competing August 1 deadline to amend, and Evermore's efforts in that regard, as well as Evermore's history of compliance with other court-imposed deadlines, I decline to find that there was a lack of diligence under the circumstances.

Beyond an extension of the expert disclosure deadlines, a modification of the discovery deadline, and all deadlines thereafter, is necessary to account for Trisura's recent entry into this case. Trisura was served on September 23. ECF No. 97. An extension of the deadlines from discovery through dispositive motions is necessary to allow Trisura a meaningful opportunity to participate. And, at Trisura's request, the parties have already agreed to postpone at least two previously-scheduled depositions. The current October 30 discovery deadline would make rescheduling those depositions impossible within the time remaining in the discovery period.

Knight argues that the Court's discretion to modify the schedule is constrained by *Faulconer v. Centra Health, Inc.*, 808 Fed. App'x 148 (4th Cir. 2020). In Knight's view *Faulconer* establishes that good cause cannot be met under Rule 16 where "the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint." 808

---

[6] The deadline for both events was August 1, which fell on a Saturday. Evermore filed its Motion for Leave on August 3, the next business day.

Fed. App'x at 152. Knight omits the necessary context from the Court's decision. The circumstances in *Faulconer* were much different than those presented here. There, the plaintiff tried to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure after the close of discovery and the defendant's filing of a motion for summary judgment. *Id.* at 151. The summary judgment motion identified a fatal defect in the plaintiff's case—plaintiff's failure to allege a statutory predicate to his Title VII retaliation claim. *Id.* The plaintiff tried to cure this omission by amending his complaint. *Id.* The district court denied the motion and the plaintiff appealed, arguing that he should have been granted leave to amend under Rule 15's liberal standard. *Id.* The Fourth Circuit explained that Rule 16 provided the governing standard and that the plaintiff could not demonstrate any diligence to satisfy good cause because he waited more than 8 months after the deadline to amend and was aware of the conduct giving rise to the statutory claim since the outset of his case. *Id.* at 153. The plaintiff offered no explanation for the delay and did not challenge the absence of good cause. *Id.*

*Faulconer* addresses the relationship between Rule 15(a)(2) and Rule 16, and the plaintiff's belated effort to avoid dismissal of his case at the summary judgment stage. The procedural posture of the Fourth Circuit's decision in *Faulconer*, and the posture of Evermore's request here, are drastically different. Unlike the plaintiff in *Faulconer*, Evermore timely sought and obtained leave to amend its pleading. Evermore's request to modify the schedule is fairly routine. In light of the now-operative amended pleading, Evermore seeks an extension of all future deadlines in the Scheduling Order and a retroactive extension of the expert disclosure deadlines.[7] The extensions, as narrowed by the Court, will not cause the kind of disruptions to the case schedule that *Faulconer*'s request posed to the district court.

Even if Evermore could have sought an extension sooner, its failure to do so does not compel a finding of insufficient diligence. *Cf. Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) (affirming denial of an extension of an expert disclosure deadline where the moving party failed to demonstrate diligence). Unlike the movant in *Eichin*, which failed to meet its expert disclosure obligations despite multiple extensions, Evermore timely sought leave to amend and promptly requested corresponding scheduling modifications once leave was granted. *Id.* Under these circumstances, the Court finds that Evermore demonstrated sufficient diligence to establish good cause under Rule 16(b)(4).

An extension of all deadlines beginning with the expert disclosure deadlines will not cause unfair prejudice to Knight, Steven Sherman, or The Hilb Group. The extension of all expert deadlines—not just those deadlines relating to Evermore—minimizes prejudice. Furthermore, the extensions as narrowed by the Court are modest and attempt to strike the balance between providing the parties a reasonable amount of time to engage in fact and expert discovery while also moving the case toward finality. Finally, the opposing parties' concerns about delay are belied by the current progress of discovery, which appears far from complete. At the time of the October 23 status conference, the parties had already agreed to postpone several depositions. *See* ECF No. 116. The parties also described several ongoing discovery disputes, including disagreements related to the adequacy of Evermore's 30(b)(6) deposition notice served on Knight and the alleged

---

[7] Knight correctly identifies several inconsistencies in the length of Evermore's requested deadline extensions. Evermore describes the request as a 90-day extension of the deadlines, but its proposed deadlines exceed that period. Setting these discrepancies aside, I have imposed deadlines that shorten the time requested while also affording Trisura at least 90 days to engage in discovery.

withholding of document discovery—issues that the parties acknowledge are unresolved and may require future Court intervention.

For these reasons, the Court modifies the Scheduling Order as follows:

| | |
|---|---|
| Rule 26(a)(2) disclosures | November 16, 2026 |
| Opposing parties' Rule 26(a)(2) disclosures | December 16, 2026 |
| Rebuttal Rule 26(a)(2) disclosures | January 15, 2027 |
| Rule 26(e)(2) supplementation | January 22, 2027 |
| Completion of fact and expert discovery and submission of status report | February 12, 2027 |
| Requests for admission | February 19, 2027 |
| Dispositive pretrial motions | March 22, 2027 |

Trisura's Motion for Extension of Time to Respond to the Third-Party Complaint and to Extend the Scheduling Order is GRANTED IN PART. Trisura shall have until November 13, 2026 to plead, move or otherwise respond to the Third-Party Complaint. Trisura's request to extend the scheduling order is granted insofar as the Court has modified the Scheduling Order as set forth above.

In summary, ECF Nos. 104, 107, 109, 110, 111, 112, and 113 are DENIED AS MOOT. ECF No. 98 is GRANTED IN PART. ECF No. 105 is GRANTED IN PART.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge